UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NKOSI GRAY | : | CIVIL ACTION NO. |
|    Petitioner, | : | 3:11-mc-00023(JCH) |
| | : | |
| v. | : | |
| | : | JANUARY 3, 2012 |
| UNITED STATES OF AMERICA, et al | : | |
|    Respondents. | : | |

**RULING RE: RESPONDENTS' MOTION TO DISMISS (DOC. NO. 19)**

**I.   INTRODUCTION**

Petitioner, Nkosi Gray, initiated this action by filing a Petition to Quash with this court.  Respondents now move to dismiss the Petition, on the grounds that this court lacks both personal jurisdiction and subject matter jurisdiction.[1]  In response, Gray filed a Motion to Strike respondents' Motion to Dismiss.  For the reasons set forth below, respondents' Motion is granted, and Gray's Motion is terminated as moot.[2]

**II.   BACKGROUND**

Revenue Officer Sarah Davidson has been conducting an investigation into the collection of tax liability for Gray for several time periods, including income taxes for the

---

[1] Respondents are reminded that, pursuant to Local Rule 7(a), all briefs should be double spaced.

[2] Respondents filed their first Motion to Dismiss on April 26, 2011.  See Doc. No. 7.  The next day, respondents filed another Motion to Dismiss, which appears to be identical to the first Motion.  See Doc. No. 8.  On December 9, 2011, respondents filed an Amended Motion to Dismiss.  See Doc. No. 19.  As the court grants the Amended Motion, the first two Motions are hereby terminated as moot (Doc. Nos. 7 & 8).

1

2002, 2007,³ and 2008 tax years, and civil penalties for the taxable periods ending December 31, 2005 and December 31, 2006.  See Mem. Supp. Amd. Mot. at 2–3.  On January 20, 2011, as part of her investigation, Davidson issued an IRS summons to JP Morgan Chase (hereafter "Chase") to produce Gray's bank records.  See id.

A representative from Chase notified Gray of the "subpoena," and informed Gray that Chase intended to respond to the "subpoena" unless Gray filed a Motion to Quash.  Id.  On February 17, 2011, Gray initiated this action by filing a Petition to Quash Summons.  See Doc. No. 1.

As of the date the summons was issued and served, the IRS had not made any recommendation for a grand jury investigation or criminal prosecution of Gray to the Department of Justice.  See Mem. Supp. Amd. Mot. at 3.  On or about August 29, 2011, however, Gray was referred to the Department of Justice for criminal prosecution with respect to his 2007 tax year.  Id.  On September 21, 2011, the United States indicted Gray in the Western District of Missouri on one count of conspiracy to defraud the United States, pursuant to 18 U.S.C. § 286, and two counts of filing false claims for tax refunds, in violation of 18 U.S.C. § 287 and 2.  Id.

## III.   DISCUSSION

Respondents move to dismiss this action on the grounds that the court lacks personal jurisdiction over the respondents, and subject matter jurisdiction.  In support of these assertions, respondents contend that Gray has not properly commenced a civil

---

³ Respondents no longer seek information for the 2007 tax year.  See Mem. Supp. Mot. at 3 n. 1. As the summons was issued prior to the criminal reference, however, it remains enforceable.  See Garpeg Ltd. v. United States, 583 F. Supp. 799, 802 (S.D.N.Y. 1984) (finding that "[a] subsequent recommendation of a grand jury investigation does not strip the summons of enforceability" where a summons was valid when issued).  However, because the government no longer seeks the 2007 records, the Motion to Dismiss is deemed moot as to them.

action, nor effectuated service, and that the United States has not waived sovereign immunity with regard to this action as instituted by Gray.

    A.    <u>Failure to Commence a Civil Action</u>

It is well-established that "[a]n individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." <u>See</u> <u>Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344, 347 (1999). Unless the party waives service, a summons is necessary in order to direct an entity or individual to participate in a civil action. <u>See</u> <u>id.</u> at 351. Pursuant to Rule 4(m), if service is not accomplished within 120 days, the court must dismiss the action without prejudice or order that service be made within a certain time, unless the plaintiff shows good cause for the failure. <u>See</u> Fed. R. Civ. P. 4(m).

Respondents argue that, although Gray's initial pleading was styled as a "Petition to Quash Summonses," it served to initiate the instant action, and operates as a complaint, and consequently, Rule 4 should apply. <u>See</u> <u>Mem. Supp. Amd. Mot.</u> at 6. In response, Gray contends that he failed to effectuate service due to incorrect instructions from the Clerk of Court, and that, because respondents have actual notice of this action, they were not prejudiced by the lack of service. <u>See</u> <u>Mem. Opp. Mot.</u> at 7.

Although courts interpret Rule 4 liberally, "to further the purpose of finding personal jurisdiction in cases in which the party has received actual notice," a plaintiff must still comply with the terms of the rule. <u>See</u> <u>McGann v. State of New York</u>, 77 F.3d 672, 674 (2d Cir. 1996). Here, it appears to be uncontested that Gray never effectuated

service on any of the respondents, in accordance with Rule 4.[4] Further, Gray does not offer good cause for this failure, especially given that the Summons form provides instructions for preparing a Petition to Quash, which instructions direct the petitioner that the "petition must be served upon the appropriate parties, including the United States, as required by Federal Rule of Civil Procedure 4." See Mem. Supp. Amd. Mot. at 8, IRS Summons Form 2039. Consequently, the court lacks personal jurisdiction over the respondents in this action. See Hovind v. United States, 82 A.F.T.R. 2d 98-6812 (11th Cir. 1998) (holding that in order to invoke jurisdiction under 26 U.S.C. § 7609, a plaintiff must comply with the requirements of section 7609(b)(2)(B), as well as Rule 4).

    B.    <u>Sovereign Immunity</u>

In addition, the United States contends that it has not waived sovereign immunity with regard to this action and, consequently, the court lacks subject matter jurisdiction over Gray's Petition to Quash. Mem. Supp. Mot. at 9–10. The United States cannot be sued unless Congress has expressly and unequivocally waived the government's sovereign immunity by statute. See United States v. Dalm, 494 U.S. 596, 608 (1990). An action to quash an IRS summons constitutes a suit against the United States. See Barmes v. United States, 199 F.3d 386, 388 (7th Cir. 1999). Pursuant to 26 U.S.C. § 7609(b)(2), any person entitled to notice of the summons may begin a proceeding to quash the summons.

Under 26 U.S.C. § 7609(a)(1), any person who is identified in the summons is entitled to notice; however, Section 7609(c)(2) carves out exceptions to this general principle. Specifically, notice is not required where the summons was issued in aid of

---

[4] In addition, Rule 4(i) provides special requirements for serving the United States. It appears uncontested that Gray did not satisfy these conditions either. Further, when that failure was pointed out on April 26, 2011, the Petitioner did not seek to serve, or to obtain further time to serve.

4

the collection of "an assessment made or judgment rendered against the person with respect to whose liability the summons is issued." 26 U.S.C. § 7609(c)(2)(D)(i). Consequently, where the IRS issues a collection summons with regard to a particular taxpayer, relating to his assessed tax liability and issued with respect to his own bank accounts or bank accounts in which he has an interest, the taxpayer is not entitled to notice. See Ip v. United States, 205 F.3d 1168, 1176 (9th Cir. 2000). Where notice is not mandated, the United States has not waived its sovereign immunity with regard to a petition to quash by the taxpayer. See Barmes v. United States, 199 F.3d 386, 388 (7th Cir. 1999).

Here, Gray does not appear to contest respondents' assertion that this summons was issued to aid in the collection of an outstanding assessment against him. See Mem. Opp. Mot. In addition, the government submitted the declaration of Revenue Officer Davidson, averring that the summons issued to Chase was in furtherance of an investigation into the collection of Gray's tax liability. See Davidson Decl. at ¶ 2–3; see also Barmes, 199 F.3d at 389 (relying on the affidavit of an IRS agent to determine the purpose of the summons). As the summons here appears to have been issued to aid in the collection of an outstanding assessment against Gray, he was not entitled to notice of the summons, and is not authorized to bring a petition to quash the summons, because the United States has not waived its sovereign immunity with regard to Gray. Consequently, the court lacks subject matter jurisdiction over this action.

**V.   CONCLUSION**

For the foregoing reasons, respondents' Amended Motion to Dismiss (Doc. No. 19) is **granted**. Respondents' Motion to Dismiss (Doc. No. 7) and Motion to Dismiss

(Doc. No. 8) are terminated as moot.  In addition, as the court lacks subject matter jurisdiction over this action, plaintiff's Motion to Strike (Doc. No. 16) is terminated as moot.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 3rd day of January, 2012.

    /s/ Janet C. Hall
Janet C. Hall
United States District Judge